IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TITUS WILDER,

        Plaintiff,

    v.

PTL. KEVIN BROWN, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-0439 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

TITUS WILDER, *Pro Se*
17-A-4315
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Titus Wilder, who is now a New York State prison inmate, against two Binghamton City police officers, the Binghamton City Police

Department, and Broome County. In his complaint, plaintiff alleges that his civil rights were violated when he was stopped, searched, and arrested by defendants Kevin Brown and Daniel Ostanek, criminally charged, and incarcerated in the Broome County Jail.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those documents, plaintiff's motion for leave to proceed without prepayment of fees is granted, and I recommend that plaintiff's complaint be accepted for filing but that the City of Binghamton be substituted in the place of the Binghamton Police Department.

I.     BACKGROUND

Plaintiff, who is currently a prison inmate in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at the Upstate Correctional Facility, located in Malone, New York, commenced this action on or about April 11, 2018. Dkt. No. 1. Plaintiff's complaint arises from an incident that occurred on August 20, 2015, when, while walking in Endicott, New York, he was stopped and searched by defendants Kevin Brown and Daniel Ostanek, two Binghamton City Police Officers. *Id.* at 4-5. During the course of the

search, a handgun and sixteen bags of heroin were allegedly recovered.[1] *Id.* at 5. Plaintiff was placed under arrest and charged with criminal possession of a weapon in the second and third degrees, criminal possession of a controlled substance in the third degree, and tampering with physical evidence. *Id.* at 5. Following his arrest, plaintiff was taken before the Town of Union Justice Korchak for arraignment.[2] *Id.* at 8. Plaintiff asserts that the Binghamton Police Department was negligent in its hiring and training of the two officers. *Id.* at 7.

Plaintiff also claims that while confined in the Broome County Jail, following his arrest, his rights were violated, including by the failure of jail personnel to provide proper medical treatment and healthy meals. Dkt. No. 1 at 8-12. Plaintiff's complaint asserts claims against Broome County for negligent hiring and violations of due process under the United States and New York State Constitutions. *Id.* at 13.

---

[1] It appears from plaintiff's complaint that there may have been active warrants for his arrest that formed the basis for the initial stop. *See, e.g.*, Dkt. No. 1 at 6. In his complaint, plaintiff does not specifically deny the existence of active warrants, but complains that the officers did not confirm that the warrants were still outstanding before stopping him. *Id.*

[2] In his complaint, plaintiff alleges that the Justice Korchak violated his due process rights. Dkt. No. 1 at 8. Justice Korchak, however, is not named as a defendant in plaintiff's complaint.

II.  DISCUSSION

    A.  IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[4]

    B.  Sufficiency of Plaintiff's Complaint

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall

---

[3]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[4]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light

most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

With one exception, I find that plaintiff's complaint satisfies the modest standard applicable under 28 U.S.C. §§ 1915(e), 1915A. That exception relates to plaintiff's claims against the Binghamton Police Department. It is well-established that "[u]nder New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted). Because the Binghamton City Police Department is an agency of the City of Binghamton, I recommend that the court order the substitution of the City of Binghamton as a defendant in the place of the Binghamton Police Department.

III.   SUMMARY, ORDER, AND RECOMMENDATION

Having carefully reviewed plaintiff's IFP application, I grant his request for leave to proceed in this action without prepayment of fees. Based upon my review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, I recommend that the complaint be accepted for filing and that the clerk be directed to issue summonses, with the exception that the City of Binghamton should be substituted in the place of the Binghamton City Police Department.

Based upon the foregoing it is hereby

ORDERED that plaintiff's motion for leave to proceed without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that the clerk be directed to substitute the City of Binghamton as a defendant in the place of the Binghamton Police Department.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[5]   If you are proceeding *pro se* and are served with this order, report, and

7

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further hereby ORDERED, in the event this order, report, and recommendation is adopted, as follows:

(1)     The clerk of the court shall issue summonses and forward them with copies of the complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named defendants.

(2)     The clerk is directed to schedule a Rule 16 conference.

(3)     Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure.

(4)     All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the**

---

recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action;** and it is further

ORDERED that the clerk of the court serve a copy of this order, report, and recommendation upon the parties in accordance with this court's local rules.

Dated:   May 10, 2018
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

9